# UNITED STATES

*v.*

# GENARO GAROFOLO.

---

San Juan, Criminal, No. 578.

RE PLACE OF IMPRISONMENT.

Place of Imprisonment—Powers of Court.
Under § 5541 of the United States Revised Statutes and the Porto

United States v. Garofolo.

Rico act of March 9, 1911, the Federal court has the right to designate the place of imprisonment of convicted defendants, and of defendants convicted whether for felony or misdemeanor.

Opinion filed November 10, 1914.

*Mr. W. N. Landers,* District Attorney, for United States.

HAMILTON, Judge, delivered the following opinion:

In this case the defendant has pleaded guilty to a violation of the law against smuggling, and has requested that the place of his imprisonment be at Humacao, so as to be near his family. In consideration of his pleading guilty, the court is disposed to grant his request if it has the power.

What are the powers of the court in this respect? Section 5541 of the United States Revised Statutes, Comp. Stat. 1913, § 10527, provides: "In every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the legislature of the state for that purpose."

Nothing is said in this as to imprisonment for one year or less, but from the necessity of the case this must follow the same rule, inasmuch as the United States has no other place of imprisonment in Porto Rico than the local jails and penitentiary.

The matter has been provided for by local legislation, and all the insular jails, as well as the penitentiary, placed at the

disposition of the Federal government. The act of March 9, 1911, found in the Porto Rico Revised Statutes, § 2067, reads as follows: "That the warden of the penitentiary and the wardens of the respective district jails of Porto Rico shall receive and confine in the said penitentiary and district jails, in accordance with the terms of the mittimus or commitment duly issued by competent authority, and safely keep until discharged by due course of law, all persons charged or heretofore or hereafter convicted of an offense against the laws of the United States."

The distinction between felony and misdemeanor is preserved in Federal law, and is known also in the local law. Section 335 of the United States Penal Code says that "all offenses which may be punished by death or imprisonment for a term exceeding one year shall be deemed felonies, all other offenses shall be deemed misdemeanors." The distinction between imprisonment in jail and the penitentiary has no application so far as the use of the local penitentiary or jail for Federal prisoners is concerned. The act places both at the disposal of the Federal authorities, and the court can sentence anyone found guilty of crime to either one or the other, as may be called for by the case on trial.

It follows, therefore, that this court has the power to choose the place of confinement of Federal prisoners, and this will be exercised by designating the jail at Humacao.

It is so ordered.